Filed 7/22/24  P. v. Salmeron CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAVIER SANCHEZ-SALMERON, <br><br> Defendant and Appellant. | 2d Crim. No. B329379 <br> (Super. Ct. No. KA125847) <br> (Los Angeles County) |

Javier Sanchez-Salmeron appeals his sentence after a jury found him guilty on three counts of lewd act upon a child under the age of 14.  (Pen. Code, § 288, subd. (a)).[1]  The trial court found true aggravating factors that the victim was particularly vulnerable, and that appellant took advantage of a position of trust and confidence to commit the offenses.  (Cal. Rules of Court, rule 4.421(a)(3), (11).)  It sentenced him to an aggregate term of 12 years in prison:  the high term of eight years on the first count

---

[1] Unlabeled statutory cites are to the Penal Code.

and consecutive terms of two years (one-third the middle term of six years) on the other two counts.

Appellant contends the trial court abused its discretion when: (1) it found the aggravating factors true and sentenced him to the high term on count 1, and (2) it denied his request to continue sentencing. We will affirm.

FACTS AND PROCEDURAL HISTORY

Appellant is victim D.P.'s godfather. D.P. considered him a "father-like" figure when she was a child. She would often visit his house and stay overnight. He molested her several times between the ages of 9 and 12. D.P. disclosed the abuse to her mother at age 13 after she began feeling suicidal and performing poorly in school. Appellant told police he did not remember touching her but acknowledged he might have "unintentionally" done so while drunk.

Prosecutors charged appellant with four counts of molestation: three involving D.P. and one involving her sister, P.P. The jury found him guilty on the three counts involving D.P. but not guilty on the count involving P.P. Appellant waived his right to a jury trial on the aggravating factors. The trial court found them true.

A recently assigned public defender appeared for appellant at sentencing. She moved for a new trial on the aggravating factors and requested a continuance to "request and review the trial transcripts" so she could "make any appropriate arguments for sentencing." The trial court denied the motion and sentenced appellant. It stated: "I'll note the defendant previously waived jury on aggravating circumstances and the court, based on the evidence introduced in trial and with argument from attorneys on each side, made findings in that regard. So that will be denied."

## DISCUSSION

### *Aggravating Factors*

The trial court relied on two aggravating factors in selecting the upper term on the first count of lewd act upon a child under the age of 14: that the victim was particularly vulnerable, and that appellant took advantage of a position of trust and confidence to commit the offenses. (Cal. Rules of Court, rule 4.421(a)(3), (11).) Appellant contends the trial court erred when it found these two factors true. We review the sentencing decision for abuse of discretion. (§ 1170, subd. (b); *People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute as stated in *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1132.)

Appellant argues the trial court based its "particularly vulnerable" finding on the victim's age, even though age was already an element of the offense. (See § 1170, subd. (b)(5) ["The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law"]; Cal. Rules of Court, rule 4.420(h) ["A fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term"].) Defense counsel raised this issue at sentencing. "[R]egarding the allegation of particular vulnerability," counsel argued, "the problem . . . is that the charge itself, an element of the offense, is that the victim be under 14. So I don't think there's anything about her as a minor victim that makes her particularly vulnerable. She wasn't a dependent, as far as mentally ill or disabled, whereas a child – she didn't have any of the same abilities that any other child would have. I would argue that the dual use of that element of age alone should not be used as a factor in aggravation."

The trial court acknowledged defense counsel's concern but found that facts other than D.P.'s age proved her vulnerability. It stated, "I think you make a very good legal point that a finding of

3

true, based on her age or primarily on her age, may raise some issues of overlap with [the] underlying element. So I want to specifically make a record to show that her vulnerability was far beyond just the age. Her vulnerability extended towards, even in the number of kids that were in and out of her house, she was the one child that was taken there overnight. And the overnight visits uniquely for her, even above [P.P.] and the other in the family, provided extra vulnerability." The court also cited testimony that appellant would molest D.P. while his wife was receiving dialysis, leaving the two alone for several hours early in the morning. These facts may *relate* to the offense but are not an *element* of the offense. The trial court properly relied on them.

Appellant describes the "position of trust or confidence" factor as "overbroad" because most molestation cases involve an adult who has an existing relationship with the child. (See, e.g., *People v. Sedano* (2023) 88 Cal.App.5th 474, 482, quoting *People v. McAlpin* (1991) 53 Cal.3d 1289, 1303, italics omitted [court did not err in admitting expert testimony "'that in most cases the child molester is not in fact a stranger to his victim'"].) We reject the premise that an aggravating factor listed in the Rules of Court should be disregarded because it might apply too frequently in certain situations. Appellant's concern is the province of the Legislature and Judicial Council. We also disagree with the implication that a "position of trust or confidence" is present whenever a family or family-like relationship exists at the time of the offense. This case illustrates the point. The trial court did not find that appellant's status as D.P.'s godfather or family friend automatically placed him into this category. Rather, it cited evidence that appellant "acted as her godfather" or as "a second father," then used this relationship to gain "control over her life" by, among other things, inviting D.P. to stay overnight with him so he could molest her.

4

The trial court exercised its discretion properly when it found this factor true.

*Request to Continue Sentencing*

Appellant argues the trial court erred when it denied defense counsel's request to continue sentencing. We review the ruling for abuse of discretion. (*People v. Sakarias* (2000) 22 Cal.4th 596, 646.) "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)

Appellant requested a continuance on the same day as sentencing. The request did not comply with the requirement that "a written notice shall be filed and served on all parties to the proceeding at least two court days before the hearing sought to be continued, together with affidavits or declarations detailing specific facts showing that a continuance is necessary." (§ 1050, subd. (b).) We affirm the court's decision for this reason alone.

We would affirm, however, even if appellant had timely served his request. A continuance "shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) "Good cause" requires a showing that counsel has prepared with due diligence. (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) Not every denial of a request for more time denies due process of law, even if the party seeking the continuance thereby fails to offer evidence. (*People v. Beames* (2007) 40 Cal.4th 907, 921.) Appellant waived his right to a jury on the aggravating factors and agreed to proceed on the existing evidentiary record. The same attorney who represented him during the guilt phase of trial represented him during the aggravating factors phase, in front of the same

5

judge. At sentencing, appellant's newly assigned defense counsel requested a continuance after the trial court denied her motion for a new trial, and for the purpose of "mak[ing] a brief record" before proceeding with sentencing. The sole ground was that she had not yet read the transcripts relevant to the court's previous findings on the aggravating factors. No abuse of discretion or due process violation occurred.

Appellant contends a continuance would have enabled defense counsel "to discover and present arguments to the court that made it more amenable to following amended Penal Code section 1170's presumptive mitigation factors." He does not articulate *what* arguments counsel would have made other than mentioning appellant successfully completed probation for two unrelated misdemeanors. Even if the court erred, we conclude appellant suffered no prejudice. (See *People v. Doolin*, *supra*, 45 Cal.4th at p. 451 [trial court did not abuse its discretion by denying continuance request that was "both untimely and unlikely to affect the outcome of the proceedings"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.           BALTODANO, J.

6

David C. Brougham, Judge
Superior Court County of Los Angeles

_____

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.